UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>NEIL M. ROZZA.<br><br>    Defendants. | Civil Action No.: 91-cv-1146   (PGS)<br><br>MEMORANDUM AND ORDER |

  The matter comes before the Court on a motion by Defendant Neil M. Rozza to expunge his arrest warrant (ECF No. 20).

  In 1991, this Court (John Lifland, U.S.D.J.) issued a warrant for Rozza's arrest after he was held in civil contempt for failure to obey various court orders. Thereafter, Rozza was arrested pursuant to that warrant. (See Affidavit of David Bober attached to the Government's brief for a list of Orders detailing Mr. Rozza's non-compliance).   Now he asks the Court to expunge the records pertaining to his arrest for two reasons.   First, he alleges his arrest record prevents him from "obtaini[ing] . . . [a] police card" to work in the Nevada gaming industry.   Generally, a police card is a colloquial term for a license or certification issued to an individual by the casino regulatory body assuring the integrity of the individual in order that the games are being run honestly, and not influenced by organized crime. *N.R.S.* §463.160. Second, the arrest warrant prevents him from purchasing a firearm, presumably due to Nevada's permitting requirements.

  Generally, Federal Courts are not empowered to expunge arrest records except in "narrow circumstances," *United States v. Rowlands*, 451 F. 3d 173, 177 (3d Cir. 2006). The exception is that a district court may issue an order to expunge where the validity of the underlying criminal proceedings are challenged.   *Carter v. United States of America*, 431 Fed. Appx. 104, 106 (3d Cir. 2011); *United*

*States v. Boniella*, 297 Fed. Appx. 161 (3d Cir. 2008).  Here, there is no challenge to the underlying proceeding, and the case does not fall within the "narrow" exception as stated in *Rowlands*.

Besides the above case law, there is a policy reason for denying Mr. Rozza's motion. As noted above, the arrest record of Mr. Rozza is a key factor in determining his fitness to work in the casino gaming industry.  The Court does not find any reason to interfere with that policy of Nevada through this application.

## ORDER

For the reasons set forth above;

IT IS on this 5th day of March, 2014;

ORDERED that Defendant's motion for expungement (ECF No. 20) is denied.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.